This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

       Plaintiff-Appellee,

  **vs.**                                      **No. 33,398**

**TADEUSZ GMITRUK,**

       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant appeals from the district court's judgment affirming his conviction for harassment following an on-record appeal from his jury trial conviction in metropolitan court. [RP 134] Our calendar notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

**{2}** In Issue A, Defendant continues to argue that the metropolitan court erred in allowing Urszula Christner (Victim) to sit at the prosecution table during the course of the trial. [DS 23; MIO 24] As addressed in our notice, Defendant and Victim are Polish speakers [RP 119] and, although a court-provided translator was present at trial, the State argued and the metropolitan court agreed that Victim's presence at counsel table was necessary in order to enable the State to challenge any translation errors arising from the language barrier. [DS 4, 5; RP 125] We conclude that this was an appropriate exercise of the metropolitan court's discretion. *See generally State v. Ryan*, 2006-NMCA-044, ¶ 40, 139 N.M. 354, 132 P.3d 1040 (reviewing under an abuse of discretion standard a defendant's claim the trial court improperly allowed the State's lead investigator to sit at counsel table during the trial).

**{3}** In Issue B, Defendant maintains that the metropolitan court erred in overruling his hearsay objection, specifically referring to Victim's testimony that Defendant "told my father he's [going] to kill me." [DS 8; MIO 9, 25; RP 126] As provided in our

2

notice, this statement was offered not for the truth of the matter asserted, but rather to show the reasonableness of Victim's feelings with regard to Defendant's postcards and letters. Given this, we conclude that the metropolitan court did not abuse its discretion in admitting this testimony. *See, e.g., State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 (reviewing the admission of evidence under an abuse of discretion standard); *State v. Rosales*, 2004-NMSC-022, ¶ 16, 136 N.M. 25, 94 P.3d 768 (recognizing that "[e]xtrajudicial statements or writings may properly be received into evidence, not for the truth of the assertions therein contained, or the veracity of the out-of-court declarant, but for such legitimate purposes as that of establishing knowledge, belief, good faith, reasonableness, motive, effect on the hearer or reader, and many others." (internal quotation marks and citation omitted)).

**{4}** In Issue C, Defendant continues to assert that the metropolitan court erred "in doing little to nothing in the face of repeated defense objections about the State's ongoing failure to control its witness," which—according to Defendant—"allowed the State to side-step the parties' stipulation that only conduct from 2006 forward was allowable evidence." [DS 23; MIO 26; RP 127] As support for his continued argument, we understand Defendant to reference Victim's testimony relating to two instances outside of this stipulated time frame. [MIO 26; RP 127, 128] We understand Defendant to additionally reference Victim's testimony about Defendant harassing her and telling people he was going to kill her and her daughter [MIO 26; RP 128], as well

as to reference Victim's testimony—as addressed in Issue B—relating to Defendant's threats to Victim's father. [MIO 25]

{5} With regard to Victim's testimony relating to instances outside of the stipulated time frame, the first instance took place on direct examination when Victim was asked how she knew Defendant, and answered she and Defendant married in 1981 and divorced in 1985, adding "since that time he has been harassing me." [RP 119; DS 7; MIO 7] Upon objection by Defendant, the metropolitan court admonished the parties to "stick to the pretrial motion and the decisions I made on those" [MIO 7-8; RP 119], and there was no deviation from this admonishment for the remainder of the direct examination. With regard to the second instance, Victim was asked on cross-examination if she had been taking anti-depressant and anti-anxiety medications before receiving a particular postcard, and responded affirmatively and added that she had been receiving letters and postcards from Defendant for twenty-five years, thereby adding to her depression. [DS 15-16; MIO 12; RP 123] For the reasons discussed in our notice, given that the district court admonished the parties to stick to the pretrial motion and its decisions on that motion, and that the defense opened the door to Victim's response relating to her medications, we conclude the district court did not abuse its discretion in controlling the conduct of the proceedings before it. *See, e.g., State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807 ("The trial court has broad discretion in controlling the conduct and remedying the errors of counsel during trial" and "is in the best position to evaluate the significance of any alleged

4

prosecutorial errors."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, 275 P.3d 110.

{6}     Similarly, to the extent Defendant refers to Victim's statement that Defendant told people he was going to kill her and her daughter [MIO 26; RP 128], the metropolitan court sustained any objection below and told the jury to disregard the statement. [RP 128] We conclude that the district court's admonishment was an appropriate exercise of its discretion in controlling the proceedings before it. *See State v. Vialpando*, 1979-NMCA-083, ¶ 25, 93 N.M. 289, 599 P.2d 1086 (recognizing that "New Mexico has frequently held that a prompt admonition from the court to the jury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which otherwise might result"). And while Defendant maintains that Victim poisoned the jury by stating that Defendant had threatened her father [MIO 26], as discussed in Issue B, we do not agree that admission of Victim's testimony was improper. We thus conclude that the district court controlled the proceedings before it and did not allow the State to sidestep the parties' stipulation.

{7}     In Issue D, Defendant continues to argue that the prosecutor improperly vouched for the truthfulness of Victim in his closing argument. [DS 23; MIO 26] For the reasons detailed in our notice, we conclude that the prosecutor's statements did not rise to the level of fundamental error because the prosecutor did not invoke the authority of the prosecutor's office or suggest he had some special knowledge, but instead reminded the jury of its role as fact finder, and its related obligation to assess

5

a witness's truthfulness or untruthfulness. [RP 131] *Cf. State v. Paiz*, 2006-NMCA-144, ¶ 55, 140 N.M. 815, 149 P.3d 579 (recognizing that the prohibition against vouching stems from concerns that such comments could lead a jury to rest its decision on the prosecutor's personal integrity or authority rather than on the evidence presented). And to the extent Defendant maintains that the prosecutor's statements about Victim's rights may have misled the jury, the metropolitan court instructed the State to correct any confusion or mistake such statements may have made. *See, e.g., Duffy*, 1998-NMSC-014, ¶ 46 (stating that "[t]he trial court has broad discretion in controlling the conduct and remedying the errors of counsel during trial" and "is in the best position to evaluate the significance of any alleged prosecutorial errors"). We thus conclude no fundamental error occurred. *See State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

{8}     Lastly, Defendant continues to argue that the evidentiary rulings and alleged prosecutorial misconduct discussed above resulted in cumulative error necessitating a mistrial. [DS 23; MIO 27] Because we conclude that Defendant has failed to show that any error occurred at his trial, we also conclude that he has failed to show that his conviction was the result of cumulative error. *See State v. Saiz*, 2008-NMSC-048, ¶ 66, 144 N.M. 663, 191 P.3d 521 ("[W]here there is no error to accumulate, there can

be no cumulative error."), *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 n.1, 146 N.M. 357, 210 P.3d 783.

**{9}**     To conclude, for the reasons discussed in our notice and above, we affirm.

**{10}**     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**M. MONICA ZAMORA, Judge**